PER CURIAM.
This is an appeal from a denial of appellant’s motion filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm the denial of appellant’s motion, which was without prejudice to refile.
Appellant’s conviction for first-degree murder and robbery was affirmed. See Bishop v. State, 438 So.2d 86 (Fla. 4th DCA 1983). In February 1986, appellant filed here an unsworn, petition for habeas corpus, alleging his confession was the result of undue influence. Another panel of the court denied the petition.
In May 1986, appellant filed two motions in the trial court pursuant to rule 3.850. The trial court denied the first, stating the ground raised by appellant should have been raised in his direct appeal. The ground was that the appellant’s confession was involuntary. The trial judge, since retired, who heard the motion, was the same trial judge who heard the motion to suppress appellant was addressing.
The second motion alleged ineffectiveness of counsel, unrelated to the confession. The same trial judge denied it. Another panel of this court affirmed by PCA. Bishop v. State, 492 So.2d 376 (Fla. 4th DCA 1986).
In December 1986, appellant filed another unsworn petition for habeas corpus here, alleging another reason why his confession was invalid. Another panel of the court entered an order, denying his motion without prejudice to file another 3.850 motion. The same trial judge denied the motion, saying:
As to the third pro se motion now before the court, the prisoner alleges as follows:
“Denied Brady Material by action of the police and prosecutor. I filed a Habeas Corpus in the District Court of Appeals and sent a tape which I had just received which was the investiga *837 tion by the Belle Glade Police concerning the murder case, before trial when I had asked for a lawyer. The District Court ordered me to file a 3.850 in the trial court so a transcript can be made, and appointment of counsel because I don’t know how to do it. Also because my lawyer was never given this tape before trial, he was ineffective because he didn’t know nothing about it. I didn’t either until December of last year 1986. I recognize my voice on the tape and one of the policeman. Had my lawyer had this tape I know I would have won my case. And the State lied saying I didn’t want no lawyer in court”.
The foregoing allegations are merely conclusory in nature, rather than factual as required by Rule 3.850.
Gideon and rule 3.850 are aspirational. They provide to the poor what they were denied in Dickens’ day and indeed much later. Nevertheless, we observe in passing that successive motions, sworn or unsworn, are generally a luxury that our system cannot afford if the duration of the defendant’s loss of freedom is not involved, particularly when the facts have been known to appellant.
Here, we have been unable to determine whether the tape in question has been heard; nor do we know whether appellant should have been aware of the tape’s existence at the time of trial.
GLICKSTEIN and DELL, JJ., concur.
STONE, J., dissents with opinion.